FILED IN OPEN COURT
ON 3/6/19 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-106-FL (3)
NO. 5:19-CR-106-2-FL
NO. 5:19-CR-106-3-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| LEVAN LOMTATIDZE ) | |
| MELISSA ANNE GODSHALL ) | |
| ROBERT J. KENNERLEY ) | |

## General Allegations

At all times relevant to this Indictment:

1. The Immigration and Nationality Act (INA) governs the immigration laws of the United States.

2. Pursuant to the INA, foreign-born nationals are not permitted to permanently reside in the United States unless they were lawful permanent residents.

3. Under the INA, a foreign-born national who is married to a United States citizen can obtain lawful permanent resident status in the United States if the marriage was entered into in good faith; and the United States citizen did not enter into the marriage in exchange for something of value, such as money; and the United States citizen did not enter into the marriage for the purpose of enabling the foreign-born national to obtain legal permanent resident status in the United States.

1

4. The United States Citizenship and Immigration Services (USCIS) is an agency of the United States Department of Homeland Security charged with processing applications for immigration benefits such as lawful permanent residence.

5. In order for a foreign-born national to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse is required to file a Petition for Alien Relative (Form I-130) on behalf of the foreign-born national. In the Form I-130, the spouse is required to certify that she is in fact a United States citizen, to provide certain background information about the marriage and to certify that the marriage was not entered into for purposes of evading immigration laws. Additionally, certain supporting documentation is also required to be submitted contemporaneously with the Form I-130, to include, but not limited to, a copy of the marriage certificate.

6. A foreign-born national who is seeking to become a lawful permanent resident of the United States on the basis of marriage to a United States citizen is required to complete and submit to the USCIS an Application to Register Permanent Residence or Adjust Status (Form I-485). The foreign-born national is required to sign the Form I-485 certifying, under penalty of perjury, that the information provided by the foreign-born national, including information about the foreign-born national's spouse, is true and correct and that the foreign-born national is admissible to the United States pursuant to the INA.

7. Upon receipt of the Form I-485 and the Form I-130, the USCIS begins an official proceeding to determine whether to grant the petition.

8. As part of the official proceeding, the USCIS conducts interviews with the foreign-born national and the United States citizen spouse in order to determine the validity of the claimed marriage.

9. If a foreign-born national's application is approved by USCIS, the foreign-born national is accorded "conditional" lawful permanent resident status for a period of two (2) years. Generally, within ninety (90) days of the two (2) year anniversary of the issuance of conditional lawful permanent residence, the foreign-born national and United States citizen file a Petition to Remove Conditions on Residence (Form I-751) with USCIS to remove the conditional status of the foreign-born national. The foreign-born national and the United States citizen must establish that the marriage was entered into in good faith. A marital interview is conducted at USCIS's discretion.

10. If and when the Form I-751 is approved, the conditions of the foreign-born national's residence are removed, resulting in unconditional lawful permanent residence status. This status authorizes the foreign-born national to permanently reside and lawfully work in the United States.

11. The defendant, LEVAN LOMTATIDZE, (hereinafter "LOMTATIDZE") was born in the country of Georgia, formerly the Georgian Soviet Socialist Republic, and was a foreign-born national.

12. The defendant, MELISSA ANNE GODSHALL, (hereinafter "GODSHALL") was a citizen of the United States.

3

13. The defendant, ROBERT J. KENNERLEY, (hereinafter "KENNERLEY") was a citizen of the United States.

## COUNT ONE

Paragraphs 1-13 of the General Allegations section above are incorporated and re-alleged herein by reference.

Beginning in or around May of 2015, and continuing through on or about the date of this Indictment, in the Eastern District of North Carolina and elsewhere, LEVAN LOMTATIDZE, MELISSA ANNE GODSHALL, and ROBERT J. KENNERLEY, defendants herein, did knowingly and willfully combine, conspire, confederate, and agree together and with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to knowingly enter into a marriage for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of lawful permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign-born nationals who have entered into the marriage in good faith, not in exchange for something of value, and not for the purpose of procuring the foreign-born national's admission as an immigrant, in violation of Title 8, United States Code, Section 1325(c).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for LOMTATIDZE, GODSHALL, and KENNERLEY, along with others known and unknown to the Grand Jury, to enter

4

into a sham marriage for the purpose of evading United States immigration laws and obtaining lawful permanent residence status for an otherwise inadmissible foreign-born national.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which LOMTATIDZE, GODSHALL, KENNERLEY, and their co-conspirators, sought to accomplish the purpose of the conspiracy included, among other things, the following:

An individual known to the Grand Jury induced GODSHALL, a United States citizen, to enter into a fraudulent marriage with LOMTATIDZE, a foreign-born national. The purpose of the marriage was to fraudulently qualify LOMTATIDZE for immigration benefits, including lawful permanent resident status in the United States.

It was further part of the conspiracy that LOMTATIDZE and GODSHALL would prepare and submit immigration applications and supporting documentation on behalf of LOMTATIDZE to USCIS knowing the marriage was fraudulent and entered into to evade provisions of the immigration laws.

It was further part of the conspiracy that LOMTATIDZE would pay GODSHALL approximately $12,000, and housing and a vehicle for GODSHALL and KENNERLEY, in exchange for the sham marriage.

## OVERT ACTS

In furtherance of the conspiracy and in order to accomplish the purpose and object thereof, LOMTATIDZE, GODSHALL, KENNERLEY, and their co-conspirators

did commit, and cause to commit, among others, at least one of the following overt acts:

1. In or around May of 2015, GODSHALL and KENNERLEY, who were romantically involved, were panhandling for money on the side of the road in Granville County, North Carolina. An individual known to the Grand Jury approached GODSHALL and KENNERLEY and asked GODSHALL if she would be willing to marry a foreign-born national for money.

2. In or around May of 2015, GODSHALL agreed to engage in the marriage to LOMTATIDZE in exchange for $12,000.

3. On or about May 20, 2015, LOMTATIDZE and GODSHALL participated in a civil marriage ceremony and got married in Granville County, North Carolina. The marriage ceremony was witnessed by KENNERLEY and an individual known to the Grand Jury.

4. On or about June 14, 2015, LOMTATIDZE, GODSHALL, and KENNERLEY entered into a rental agreement for a house located at Huntleigh Drive, in Raleigh, North Carolina. The rent was $1250 per month, and was paid for by LOMTATIDZE as part of the payment for the sham marriage.

5. On or about July 13, 2015, USCIS received a Form I-130 filed by GODSHALL on behalf of LOMTATIDZE.

6. On or about July 13, 2015, USCIS received a Form I-485 filed by LOMTATIDZE. LOMTATIDZE signed the application on June 22, 2015, under

6

penalty of perjury. Accompanying the Form I-485 were supporting documents to include numerous staged photographs of LOMTATIDZE and GODSHALL.

7. On or about September 9, 2015, LOMTATIDZE sent USCIS additional evidence in support of the Form I-485 from Raleigh, North Carolina.

8. Sometime before October 28, 2015, an individual known to the Grand Jury prepared GODSHALL for the marital interview scheduled to be conducted by USCIS examiners.

9. On or about October 28, 2015, LOMTATIDZE and GODSHALL were interviewed at the USCIS office in Durham, North Carolina. Both attested under oath they were married in good faith. As a result of the interview, USCIS approved the Form I-130 and the Form I-485. LOMTATIDZE was granted conditional resident status in the United States.

10. On or about October 2, 2017, USCIS received a Form I-751 filed by LOMTATIDZE and GODSHALL attesting they were married in good faith and requesting LOMTATIDZE's removal of conditions on his resident status.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

Paragraphs 1-9 of the General Allegations section above are incorporated and re-alleged herein by reference.

On or about May 20, 2015, in the Eastern District of North Carolina, LEVAN LOMTATIDZE and MELISSA ANNE GODSHALL, defendants herein, did knowingly

and unlawfully enter into a marriage for the purpose of evading a provision of the immigration laws of the United States.

All in violation of Title 8, United States Code, Section 1325(c).

## COUNT THREE

Paragraphs 1-9 of the General Allegations section above are incorporated and re-alleged herein by reference.

On or about May 20, 2015, in the Eastern District of North Carolina, ROBERT J. KENNERLEY, defendant herein, aided and abetted Levan Lomtatidze and Melissa Anne Godshall to knowingly and unlawfully enter into a marriage for the purpose of evading a provision of the immigration laws of the United States.

All in violation of Title 8, United States Code, Section 1325(c), and Title 18, United States Code, Section 2.

## COUNT FOUR

Paragraphs 1-9 of the General Allegations sections above are incorporated and re-alleged herein by reference.

On or about June 22, 2015, in the Eastern District of North Carolina and elsewhere, MELISSA ANNE GODSHALL, defendant herein, did knowingly present an application required by the immigration laws of the United States which contained a false statement with respect to a material fact, namely, GODSHALL falsely stated in Form I-130 that GODSHALL and Levan Lomtatidze were married in good faith, when in fact, as GODSHALL then knew, GODSHALL had knowingly and unlawfully

entered into a marriage with Levan Lomtatidze for the purpose of evading a provision of the immigration laws.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT FIVE

Paragraphs 1-9 of the <u>General Allegations</u> sections above are incorporated and re-alleged herein by reference.

On or about June 22, 2015, in the Eastern District of North Carolina and elsewhere, MELISSA ANNE GODSHALL, defendant herein, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, and under, and by virtue of a law of the United States relating to the registry of aliens, that is, GODSHALL claimed in connection with Form I-130 that she was married in good faith to Levan Lomtatidze, a citizen of the country of Georgia, when in fact, as GODSHALL then knew, GODSHALL had knowingly and unlawfully entered into a marriage with Levan Lomtatidze for the purpose of evading a provision of the immigration laws of the United States.

All in violation of Title 18, United States Code, Section 1015(a).

## COUNT SIX

Paragraphs 1-9 of the <u>General Allegations</u> sections above are incorporated and re-alleged herein by reference.

On or about July 13, 2015, in the Eastern District of North Carolina and elsewhere, LEVAN LOMTATIDZE, defendant herein, did knowingly present an application required by the immigration laws of the United States which contained a

false statement with respect to a material fact, namely, LOMTATIDZE falsely stated in Form I-485 that LOMTATIDZE and Melissa Anne Godshall were married in good faith, when in fact, as LOMTATIDZE then knew, LOMTATIDZE had knowingly and unlawfully entered into a marriage with Melissa Anne Godshall for the purpose of evading a provision of the immigration laws.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT SEVEN

Paragraphs 1-9 of the General Allegations sections above are incorporated and re-alleged herein by reference.

On or about July 13, 2015, in the Eastern District of North Carolina and elsewhere, LEVAN LOMTATIDZE, defendant herein, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, and under, and by virtue of a law of the United States relating to the registry of aliens, that is, LOMTATIDZE claimed in connection with Form I-485 that he was married in good faith to Melissa Anne Godshall, a citizen of the United States, when in fact, as LOMTATIDZE then knew, LOMTATIDZE had knowingly and unlawfully entered into a marriage with Melissa Anne Godshall for the purpose of evading a provision of the immigration laws of the United States.

All in violation of Title 18, United States Code, Section 1015(a).

## COUNT EIGHT

Paragraphs 1-9 of the General Allegations sections above are incorporated and re-alleged herein by reference.

From on or about August 23, 2017, to on or about September 8, 2017, in the Eastern District of North Carolina and elsewhere, LEVAN LOMTATIDZE and MELISSA ANNE GODSHALL, defendants herein, did knowingly make under oath, and as permitted under penalty of perjury under Title 28, United States Code, Section 1746, knowingly subscribe as true, a false statement in an application required by the immigration laws of the United States, and did present such application, which contained a false statement with respect to a material fact, that is, LOMTATIDZE and GODSHALL falsely stated in Form I-751 that LOMTATIDZE and GODSHALL were married in good faith, when in fact, as they then knew, LOMTATIDZE and GODSHALL had knowingly and unlawfully entered into a marriage for the purpose of evading a provision of the immigration laws.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT NINE

Paragraphs 1-9 of the General Allegations sections above are incorporated and re-alleged herein by reference.

From on or about August 23, 2017, to on or about September 8, 2017, in the Eastern District of North Carolina and elsewhere, LEVAN LOMTATIDZE and MELISSA ANNE GODSHALL, defendants herein, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to, and under, and

11

Case 5:19-cr-00106-FL   Document 4   Filed 03/06/19   Page 11 of 12

by virtue of a law of the United States relating to the registry of aliens, namely, LOMTATIDZE and GODSHALL claimed in connection with Form I-751 that they were married in good faith, when in fact, as they then knew, LOMTATIDZE and GODSHALL had knowingly and unlawfully entered into a marriage for the purpose of evading a provision of the immigration laws of the United States.

All in violation of Title 18 United States Code, Section 1015(a).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 3/6/2019

ROBERT J. HIGDON, JR.
United States Attorney

*Sebastian Kielmanovich*
BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney